UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ELIYAH YSRAEL,
    Petitioner,

vs.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,
    Respondent.

Case No. 1:13-cv-34

Black, J.
Bowman, M.J.

**ORDER AND REPORT
AND RECOMMENDATION**

Petitioner, who was in state custody at the Chillicothe Correctional Institution in Chillicothe, Ohio when he commenced this action,[1] has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the petitioner's motions for release on bail (Docs. 9, 25), summary judgment (Doc. 16), and default judgment (Docs. 21, 26). Also pending before the Court for ruling are petitioner's non-dispositive motions for expansion of the record and discovery (Doc. 15), to correct docket sheet (Doc. 20), to expedite review of bail motion (Doc. 22), to schedule video conference on certain pending motions (Doc. 23), and to take "judicial notice" and for hearing on "a number of pending motions" (Doc. 28).

    1. **Bail Motions (Docs. 9, 25)**

In his bail motions, petitioner requests to be released on bail during the pendency of this action. (Docs. 9, 25). In the first motion, petitioner argues that he has raised claims in his petition which require reversal of the challenged conviction and sentence; his sentence "is almost complete and there is a high possibility that this review could go beyond the remaining sentence imposed"; and he "is not a flight risk or danger." (Doc. 9). In his second motion, petitioner

---

[1] It appears from the record that petitioner is now incarcerated at the Boone County Jail in Burlington, Kentucky. (*See* Doc. 18).

contends that he should be granted bail because respondent has not opposed his initial bail motion and has not addressed the merits of the issues raised in that motion. (Doc. 25).

Release of a state prisoner pending consideration of his federal habeas petition "is reserved for the extraordinary case." *Lordi v. Ishee*, 22 F. App'x 585, 586 (6th Cir. 2001) (citing *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993)). The Sixth Circuit has explained that "[s]ince a habeas petitioner is appealing a presumptively valid state conviction, both principles of comity and common sense dictate that it will indeed be the very unusual case where a habeas petitioner is admitted to bail prior to a decision on the merits in the habeas case." *Lee*, 989 F.2d at 871. Therefore, in order to obtain release on bail pending a decision on the merits, the petitioner must show "not only a substantial claim of law based on the facts surrounding the petition but also the existence of 'some circumstance making [the motion for bail] exceptional and deserving of special treatment in the interests of justice.'" *Id.* (quoting *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990), in turn quoting *Aronson v. May*, 85 S.Ct. 3, 5, 13 L.Ed.2d 6 (1964) (Douglas, J., in chambers)).

Upon initial review of the record, petitioner's claims for relief do not appear to be substantial. In any event, petitioner has not demonstrated that exceptional or unusual circumstances exist in his case, which warrants his release on bail during the pendency of this action. Therefore, it is **RECOMMENDED** that petitioner's motions for bail (Docs. 9, 25) be **DENIED**.

2. **Summary Judgment Motion (Doc. 16)**

Petitioner has filed a motion requesting entry of summary judgment in his favor. (Doc. 16). Habeas corpus petitions are generally decided on the record, without an evidentiary hearing, in chronological order from the oldest to most recently filed. Because motions for summary

judgment in habeas corpus proceedings usually require the same record-based review of the merits of the petitioner's grounds for relief, they ordinarily are considered at the time the case is ripe for disposition based upon the order in which the petition was filed.  Petitioner has not provided sufficient justification for taking this case out of chronological order for consideration of the merits of his claims at this time.  Therefore, it is **RECOMMENDED** that petitioner's motion for summary judgment (Doc. 16) be **DENIED**.

### 3. Motions For Default Judgment (Docs. 21, 26)

Petitioner has filed motions requesting that default judgment be entered in his favor because the respondent has not filed any response to his motion for summary judgment and has failed to provide in the return of writ a "detailed answer to petitioner's allegations" or an answer to a question pertaining to the availability of transcripts.  (Docs. 21, 26).  The Court lacks authority to grant the requested relief because default judgment is not available in habeas corpus proceedings.  *See, e.g., Allen v. Perini,* 424 F.2d 134, 138 (6th Cir. 1970); *Cottrell v. Ohio*, No. 1:07cv201, 2007 WL 2893407, at *1, *3 (S.D. Ohio Oct. 1, 2007) (Barrett, J.; Hogan, M.J.) (and cases cited therein); *Byrd v. Sweatt*, Civil Action No. 1:06CV-00021-TBR, 2007 WL 3120440, at *1 (W.D. Ky. Oct. 23, 2007) (and cases cited therein).  *Cf. Chester v. Bobby,* No. 2:10cv402, 2010 WL 3911271, at *1 (S.D. Ohio Oct. 4, 2010).  Therefore, it is **RECOMMENDED** that petitioner's motions for default judgment (Docs. 21, 26) be **DENIED**.

### 4. Motion to Expand the Record/Discovery (Doc. 15)

Petitioner has filed a motion requesting that the record be expanded and discovery permitted so that the record will also include copies of the transcript of the hearing on his suppression motion; the defense exhibits that were introduced at the suppression hearing; the trial transcript; the defense exhibits that were introduced at trial; the sentencing transcript; and

the bill of particulars. (Doc. 15). Petitioner states that the requested items were not included as exhibits to respondent's return of writ. Apparently, petitioner is requesting that an order be issued requiring respondent to provide both the Court and petitioner with the items that are missing from the record. (*See id.*). Respondent opposes petitioner's motion. (Doc. 17).[2]

It appears upon review of the record that petitioner already has a copy of the sentencing hearing transcript and bill of particulars in his possession. Petitioner has provided the Court with those documents, which he included in his brief in reply to respondent's return of writ. (*See* Doc. 14). Therefore, the record need not be expanded to include duplicate copies of those items. Respondent has argued that the remaining requested items will not assist the Court in adjudicating petitioner's claims because petitioner has waived three of the four grounds for relief and the merits of the non-defaulted claim for relief can be determined based on the present record. (*See* Doc. 17). However, out of an abundance of caution and to ensure that the record contains all the information that the Court may need to properly assess the issues presented in this case, petitioner's motion to expand the record (Doc. 15) is hereby **GRANTED**, but only to the extent that respondent is **ORDERED** to file the trial and suppression hearing transcripts and to serve petitioner with a copy of those transcripts within thirty (30) days of the date of filing of this Order.

     5.  **Motion to Correct Docket Sheet (Doc. 20)**

In his motion to correct docket sheet, petitioner requests that the docket sheet be amended to correctly reflect that respondent's opposition memorandum, Doc. 17, only addresses petitioner's motion to expand the record and for discovery and does not address petitioner's summary judgment motion. (Doc. 20). Petitioner's motion to correct the docket sheet (Doc. 20) is **GRANTED**. The Clerk of Court is hereby **DIRECTED** to amend the docket sheet to reflect

---

[2] Petitioner has filed a brief in reply to respondent's opposition memorandum. (Doc. 19).

that Doc. 17 constitutes only "RESPONSE in Opposition re: 15 MOTION Expansion Record MOTION for Discovery."

### 6. Remaining Pending Motions (Docs. 22, 23, 28)

In the remaining pending motions, petitioner requests expedited review of his bail motion (Doc. 22); the scheduling of a video conference for the purpose of addressing his motions for bail, summary judgment and default judgment (Doc. 23); and a hearing on "a number of pending motions" (Doc. 28).  Petitioner also requests in his latest motion that the Court take "judicial notice" that "petitioner's family has obtained the services of attorney Gregory A. Cohen to represent the petitioner." (Doc. 28).

Petitioner's motions (Doc. 22, 23, 28) are **DENIED**.  The undersigned has addressed all of petitioner's pending motions in this Order and Report and Recommendation.  Therefore, petitioner's requests for expedited review of his bail motion and for conference and/or hearing on his pending motions are now moot.  To the extent that petitioner's family has retained the services of an attorney to represent petitioner in this matter, counsel must file a notice of appearance with the Court.

### IT IS THEREFORE RECOMMENDED THAT:

Petitioner's motions for bail (Docs. 9, 25), summary judgment (Doc. 16), and default judgment (Docs. 21, 26) be **DENIED.**

### IT IS THEREFORE ORDERED THAT:

1. Petitioner's motion to expand the record (Doc. 15) is **GRANTED** to the extent that respondent is **ORDERED** to file the trial and suppression hearing transcripts and to serve petitioner with a copy of those transcripts within thirty (30) days of the date of filing of this Order.

    2.  Petitioner's motion to correct the docket sheet (Doc. 20) is **GRANTED**, and the Clerk of Court is **DIRECTED** to amend the docket sheet to reflect that Doc. 17 constitutes only "RESPONSE in Opposition re: 15 MOTION Expansion Record MOTION for Discovery."

    3.  Petitioner's remaining pending motions (Docs. 22, 23, 28) are **DENIED**.


    /s/ *Stephanie K. Bowman*
    United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ELIYAH YSRAEL,            Case No. 1:13-cv-34
    Petitioner

    vs                                          Black, J.
                                                    Bowman, M.J.
WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,
    Respondent

## NOTICE

       Pursuant to Fed. R. Civ. P. 72(b), WITHIN 14 DAYS after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections WITHIN 14 DAYS after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc