# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

ELIYAH YSRAEL,  
      Petitioner,

vs.

WARDEN, CHILLICOTHE  
CORRECTIONAL INSTITUTION,  
      Respondent.

Case No. 1:13-cv-034

Black, J.  
Bowman, M.J.

**REPORT AND  
RECOMMENDATION**

Petitioner, an inmate in state custody at the Chillicothe Correctional Institution, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the petition, respondent's return of writ, and petitioner's reply. (Docs. 6, 12, 14).

## I.      PROCEDURAL HISTORY

### State Trial Proceedings

On July 31, 2009, the Hamilton County, Ohio grand jury returned a two-count indictment charging petitioner with one count of trafficking in cocaine and one count of possession of cocaine. (Doc. 12, Ex. 1). Petitioner entered a plea of not guilty to all charges and, prior to trial, filed a motion to suppress evidence "illegally obtained by law enforcement from his person and vehicle." (Doc. 12, Ex. 2). On March 9, 2010, the trial court denied petitioner's motion. (Doc. 12, Ex. 3). Following a jury trial, petitioner was found guilty of both counts charged in the indictment. (Doc. 12, Ex. 4). Petitioner was sentenced to a total aggregate prison sentence of four years in the Ohio Department of Corrections. (*Id.*)

### Direct Appeal

On September 17, 2010, petitioner, through counsel, filed a timely notice of appeal to the Ohio Court of Appeals. (Doc. 12, Ex. 5). In his appellate brief, petitioner raised the following five assignments of error:

1. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT WHEN IT OVERRULED THE MOTION TO SUPPRESS IN VIOLATION OF THE FOURTH AMENDMENT.

2. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT BY NOT GRANTING THE RULE 29 MOTION AS THERE WAS INSUFFICIENT EVIDENCE TO CONVICT.

3. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT BECAUSE THE VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

4. THE DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL.

5. THE COURT PREJUDICED THE DEFENDANT BY FAILING TO ADMIT EVIDENCE PRESENTED BY COUNSEL, THIS PREVENTING A FAIR TRIAL.

(Doc. 12, Ex. 6).  On March 21, 2011, during the pendency of his direct appeal, petitioner filed a pro se "motion to take judicial notice of void judgment entry."  (Doc. 12, Ex. 7).  The trial court denied the motion on April 6, 2011.  (Doc. 12, Ex. 11).  On April 18, 2011, petitioner, through counsel, filed an amended appellate brief raising the following additional assignment of error:

6. THE COURT PREJUDICED THE DEFENDANT BY FAILING TO ADDRESS MANDATORY FINES AS SUCH THE CURRENT JUDGMENT ENTRY IS VOID.

(Doc. 12, Ex. 12).  Petitioner argued that the judgment was void because the trial court failed to address mandatory fines associated with petitioner's trafficking conviction.  On November 23, 2011, the Ohio Court of Appeals overruled petitioner's first five assignments of error.  (Doc. 12, Ex. 16).  The appeals court remanded the case for a limited resentencing hearing to address the fines assessed in the case.  (*Id.* at 23).

Petitioner did not appeal to the Ohio Supreme Court from the Ohio Court of Appeals' decision.

2

**Application to Reopen Appeal and for Reconsideration**

Petitioner filed a pro se application to reopen his appeal pursuant to Ohio App. R. 26(B) on December 5, 2011.  (Doc. 12, Ex. 17).  Petitioner argued that appellate counsel was ineffective for failing to raise the following four proposed assignments of error:

1. Whether Appellate counsel was ineffective in not raising trial counsel's ineffectiveness in not making key arguments and objection addressing the motion to suppress.

2. Whether appellate counsel was ineffective in not raising trial counsel's failure to do timely objection and motion during trial.

3. Appellate counsel was ineffective in not raising the issue that the trial court failed to address an actual conflict of interest that was brought to the court's attention by letter and motions sent directly to Judge Cooper prior to sentencing.

4. Appellate counsel was ineffective in not raising the trial court's failure to comply with R.C. 2947.23(A)(1)(a)(b) prior to imposing the sentence.

(Doc. 12, Ex. 17).  Petitioner also filed an application for reconsideration of his appeal, which was denied on January 12, 2012.  (Doc. 12, Ex. 18, 21).

On April 12, 2012, the Ohio Court of Appeals granted petitioner's 26(B) application to reopen based upon the fourth proposed assignment of error.  (Doc. 12, Ex. 22).  The court determined that appellate counsel was not ineffective for raising the first three proposed assignments of error, but found that "appellate counsel was ineffective in failing to present Ysreal's fourth proposed assignment of error challenging the trial court's failure to notify him at sentencing, as required by R.C. 2947.23, that he could be ordered to serve community service if he did not pay the court costs imposed as part of his sentence."  (*Id.* at 3).

Petitioner did not file a jurisdictional appeal from the Ohio Court of Appeals' denial of petitioner's first three proposed assignments of error.

**Resentencing and Appeal**

On March 6, 2012, petitioner was resentenced pursuant to the Ohio Court of Appeals'
November 23, 2011 decision remanding petitioner's appeal to the trial court to address the
imposition of fines.  (Doc. 12, Ex. 23).  The trial court imposed the mandatory fines, but waived
them upon finding that petitioner was indigent.  Through counsel, petitioner filed a notice of
appeal from the resentencing.  (Doc. 12, Ex. 24).

Upon motion from the State, the Ohio Court of Appeals consolidated petitioner's appeal
of his resentencing and his reopened appeal.  (Doc. 12, Ex. 26).  Through counsel, petitioner
raised the following assignment of error:

> The trial court erred to the prejudice of the Defendant-Appellant by not notifying
> him of the possibility that the court could order community service if he failed to
> pay his court costs.

(Doc. 12, Ex. 27).  On March 27, 2013, the Ohio Court of Appeals reversed the trial court's
judgment imposing court costs without informing petitioner that he could perform community
service in lieu of court costs.  (*See* Doc. 12, Ex. 61).  The Ohio Court of Appeals remanded "the
matter to the trial court to properly notify Ysrael of the possibility of community service, as
required by R.C. 2947.23(A)(1)." [1]

**Motion to Vacate Illegal Conviction and Sentence**

Meanwhile, on November 18, 2010, petitioner filed a pro se motion to vacate illegal
conviction and sentence pursuant to Ohio Rev. Code § 2953.21.  (Doc. 12, Ex. 29).  Petitioner
subsequently filed several supplements to his motion.  (Doc. 12, Ex. 30–35).  On May 19, 2011,
the trial court denied petitioner's motion.  (Doc. 12, Ex. 36).

On July 13, 2012, petitioner filed a motion for leave to file a delayed appeal from the trial
court's denial of his post-conviction motion.  (Doc. 12, Ex. 37).  Petitioner's delayed appeal

---

[1] The Ohio Court of Appeals' decision is found at www.courtclerk.org under Case No. C 1000622.

motion was denied on August 15, 2012.  (Doc. 12, Ex. 38).  Petitioner did not seek further

review of the decision to the Ohio Supreme Court.

<strong>Second Motion to Vacate Illegal Conviction and Sentence</strong>

On March 5, 2012, petitioner filed a second motion to vacate illegal conviction and

sentence.  (Doc. 12, Ex. 39).  On April 5, 2012, the trial court denied his motion.  (Doc. 12, Ex.

40).  Petitioner did not seek further appellate review of the decision.

<strong>Motion for Resentencing and to Enter a Final Appealable Order</strong>

On May 14, 2012, petitioner filed a pro se motion for resentencing and to enter a final

appealable order.  (Doc. 12, Ex. 41).  On the same day, the trial court overruled petitioner's

motion.  (Doc. 12, Ex. 42).

Petitioner filed a pro se notice of appeal from the May 14, 2012 denial of his motion.

(Doc. 12, Ex. 43).  On March 6, 2013, the Ohio Court of Appeals affirmed the judgment of the

trial court.  (Doc. 12, Ex. 46).

<strong>Motion to Certify a Conflict</strong>

On May 15, 2012, petitioner filed a pro se motion to certify a conflict, pursuant to Ohio

App. R. 25(A).  (Doc. 12, Ex. 47).  The Ohio Court of Appeals denied the motion on June 6,

2012, admonishing petitioner "that he has been provided court-appointed counsel and requests to

file such motions should be directed to counsel."  (Doc. 12, Ex. 48).

<strong>Motion to File Delayed Motion for Reconsideration</strong>

On May 15, 2012, the same day petitioner filed his motion to certify a conflict, petitioner

also filed a "motion to file delayed motion for reconsideration and application for en banc

consideration pursuant to App. R. 26(A)(1) and (A)(2)."  (Doc. 12, Ex. 49).  The Ohio Court of

Appeals denied the motion on June 6, 2012, again admonishing petitioner against filing pro se

5

motions after having been appointed counsel.  (Doc. 12, Ex. 50).

On June 22, 2012, petitioner filed a timely pro se notice of appeal from the Ohio Court of Appeals' June 6, 2012 denials of his motions.  (Doc. 12, Ex. 51).  In his memorandum in support of jurisdiction, petitioner raised the following four propositions of law:

1. Whether Appellate Counsel was ineffective in not raising the Court failure to conduct the "mandatory hearing" addressing a conflict of interest brought to the trial court's attention prior to sentencing and during the sentencing hearing

2. Whether Appellate Counsel was ineffective in not raising the trial court's failure to comply with the "mandatory requirements" of Ohio Crim. R. 12(f) which render the judg[ment] void

3. Whether Appellate Counsel was ineffective in not raising trial counsel's ineffectiveness in not raising and arguing during the motion to suppress that the Sharonville inventory policy fails to comply with the requirements set forth in State v. Hathman, (1992) 65 Ohio St.3d 403, 604 N.E.2d 743, addressing an articulated standardized procedure which regulates the opening of closed containers

4. Whether Appellate Counsel was ineffective in not raising trial counsel's failure to make key objections and motions during trial on direct appeal

(Doc. 12, Ex. 52).  On September 26, 2012, the Ohio Supreme Court denied leave to appeal and dismissed the appeal "as not involving any substantial constitutional question."  (Doc. 12, Ex. 54).

### Federal Habeas Corpus

On February 12, 2013, petitioner filed the instant federal habeas corpus petition.  (Doc. 6).  Therein, petitioner raises four grounds for relief:

**GROUND ONE:** The Appellate Court denied the defendant due process in barring the defendant's claim that his trial and appellate counsel failed to raise the illegal search of a closed container, when he said the issue was never raised at any time.

**Supporting Facts:**  In the case at hand, the defendant raised the issue of the illegal inventory search of a closed container which was not raised at any time and was conceded by the state, but the court of appeals refused to address this issue

6

and barred said issue holding that it had been raised already on appeal, which is contrary to the record thereby denying the defendant due process.

**GROUND TWO:**  Appellate counsel was ineffective in not raising trial counsel's failure to raise the illegal inventory search of closed containers without inventory policy.

**Supporting Facts**:  In the case at hand, trial counsel failed to raise or argue the illegal search of a closed container and appellate counsel failed to raise this clear winning position which was even conceded by the state during the review of the defendant's Rule 26(B) motion to reopen.

**GROUND THREE:**  Appellate counsel was ineffective in not raising the trial court's failure to conduct the mandatory hearing to resolve a conflict of interest.

**Supporting Facts:**  In the case at hand, prior to sentencing and during sentencing the defendant notified the court of a conflict of interest and requested a hearing and was denied a hearing and on direct appeal appellate counsel failed to raise this reversible error which is reflected by the record.

**GROUND FOUR:**  Appellate counsel was ineffective in not raising trial counsel's failure to object to the illegal constructive amendment of the bill of particular and failure to motion the court for a continuance or a mistrial.

**Supporting Facts:**  In the case at hand, the defendant's bill of particular was illegally constructive amendment in violation of Ohio Crim Rules and trial counsel failed to object after defendant's defense was taken away.  Therefore, on direct appeal appellate counsel failed to raise this issue which directly address the defendant's due process where the defendant was den[ied] the right to decide to continue trial or to ple[a]d guilty based on the amendment of the bill of particular.

(Doc. 6).

Respondent has filed a return of writ in opposition to the petition.  Respondent contends that Ground One of the petition is not cognizable and without merit and Grounds Two through Four were procedurally defaulted and waived.  (Doc. 12).

## II.     THE PETITION SHOULD BE DENIED.

### A.  Ground One of the petition is not cognizable.

In Ground One of the petition, petitioner contends that his due process rights were violated when the Ohio Court of Appeals refused to consider his claim that his trial and appellate

counsel failed to raise the illegal inventory search of a closed container in denying his application to reopen his appeal.  According to petitioner, the Ohio appeals court "refused to address this issue and barred said issue holding that it had been raised already on appeal, which is contrary to the record thereby denying the defendant due process."  (Doc. 6).

Petitioner's claim of error fails to give rise to a cognizable constitutional claim subject to review in this federal habeas proceeding.  The Sixth Circuit has held that "habeas corpus is not the proper means by which prisoners should challenge errors or deficiencies in state post-conviction proceedings." *Greer v. Mitchell,* 264 F.3d 663, 681 (6th Cir. 2001) (citing *Kirby v. Dutton,* 794 F.2d 245, 246 (6th Cir. 1986)).  Federal habeas review is not available to attack the legality of post-conviction proceedings because such proceedings are not related to a petitioner's detention.  *Kirby,* 794 F.2d at 247.  *See also Cress v. Palmer,* 484 F.3d 844, 853 (6th Cir. 2007); *Alley v. Bell,* 307 F.3d 380, 386-87 (6th Cir. 2002).  Petitioner's claim "must directly dispute the fact or duration of the confinement." *Kirby,* 794 F.2d at 248 (citing *Prieser v. Rodriguez,* 411 U.S. 475, 500 (1973)).  A ground for relief that challenges the correctness of a state judicial proceeding and does not dispute the detention itself is not cognizable.  *See Kirby,* 794 F.2d at 247-48.

Petitioner's claim that the Ohio Court of Appeals denied him his constitutional rights by denying his Rule 26(B) application challenges the constitutionality of a state post-conviction proceeding and not the conviction itself.  Because a Rule 26(B) application to reopen is a collateral proceeding, *see Lopez v. Wilson,* 426 F.3d 339, 352 (6th Cir. 2005) (en banc), allegations of error in this process are not cognizable on federal habeas corpus review.  *See Johnson v. Warden,* No. 1:06-cv-156, 2007 WL 2206550, at *12 (S.D. Ohio July 30, 2007); *Adkins v. Konteh,* No. 3:05-cv-2978, 2007 WL 461292, at *4 (N.D. Ohio Feb. 7, 2007).

Accordingly, Ground One of the petition should be denied as it is not cognizable on federal habeas corpus review.

**B. Grounds Two through Four are Procedurally Defaulted and Waived.**

In his Second, Third, and Fourth grounds for relief, petitioner alleges ineffective assistance of appellate counsel based on counsel's failure to raise claims regarding trial counsel's failure to challenge the alleged illegal container search, the trial court's failure to conduct a hearing to resolve a conflict of interest, and trial counsel's failure to object to the "illegal constructive amendment of the bill of particular and failure to motion the court for a continu[ance] or a mistrial. (Doc. 6).

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state defendant with federal constitutional claims must fairly present those claims to the state courts for consideration before raising them in a federal habeas corpus action. *See* 28 U.S.C. § 2254(b)(1), (c); *see also Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). A constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation requirement. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 848 (1999); *Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir. 1985). If the petitioner fails to fairly present his constitutional claims through the requisite levels of state appellate review to the state's highest court, or commits some other procedural default that prevents a merit-based review of the federal claims by the state's highest court, he may have waived the claims for purposes of federal habeas review. *See O'Sullivan,* 526 U.S. at 847-48; *Harris v. Reed,* 489 U.S. 255, 260-62 (1989); *McBee v. Grant,* 763 F.2d 811, 813 (6th Cir. 1985); *see also Weaver v.*

*Foltz,* 888 F.2d 1097, 1099 (6th Cir. 1989).

It is well-settled under the procedural default doctrine that the federal habeas court may be barred from considering an issue of federal law from a judgment of a state court if the judgment rests on a state-law ground that is both "independent" of the merits of the federal claim and an "adequate" basis for the state court's decision.  *See Harris,* 489 U.S. at 260-62.  The Supreme Court has stated:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default, and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991).  Such a default may occur if the state prisoner files an untimely appeal, *Coleman,* 501 U.S. at 750, if he fails to present an issue to a state appellate court at his only opportunity to do so, *Rust v. Zent,* 17 F.3d 155, 160 (6th Cir. 1994), or if he fails to comply with a state procedural rule that required him to have done something to preserve the issue for appellate review.  *United States v. Frady,* 456 U.S. 152, 167-69 (1982); *Simpson v. Sparkman*, 94 F.3d 199, 202 (6th Cir. 1996).

In the usual case, the adequate and independent state ground doctrine will not apply to bar consideration of a federal claim on habeas corpus review unless the last state court rendering a judgment in the case "clearly and expressly" states that its judgment rests on a state procedural bar.  *Harris,* 489 U.S. at 263; *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000).  In those cases where the last state court to render a reasoned opinion explicitly relies on a procedural bar, the court will presume that a later unexplained order did not silently disregard the procedural default and consider the merits of the claim.  *Ylst v. Nunnemaker,* 501 U.S. 797, 803-04 (1991).  Moreover, in *Harris,* the Supreme Court explained that the rule requiring that the

state court plainly state that its judgment rests on a state procedural default "applies only when a state court has been presented with the federal claim" raised by the state prisoner as a ground for federal habeas relief.  *Harris,* 489 U.S. at 263 n.9; *see also Teague v. Lane*, 489 U.S. 288, 299 (1989) (plurality opinion) ("The rule announced in *Harris* . . . assumes that a state court has had the opportunity to address a claim that is later raised in a federal habeas proceeding.").  The Court stated:  "Of course, a federal habeas court need not require that a federal claim be presented to a state court if it is clear that the state court would hold the claim procedurally barred."  *Harris*, 489 U.S. at 263 n.9.

The rule precluding federal habeas corpus review of claims rejected by the state courts on state procedural grounds applies only in cases where the state rule relied on by the courts is deemed "adequate" or, in other words, involves a "firmly established and regularly followed state practice" at the time that it was applied.  *Ford v. Georgia,* 498 U.S. 411, 423-24 (1991); *Richey v. Mitchell,* 395 F.3d 660, 679 (6th Cir.) (citing *White v. Schotten,* 201 F.3d 743, 751 (6th Cir. 2000)), *rev'd on other grounds,* 546 U.S. 74 (2005) (per curiam); *Warner v. United States,* 975 F.2d 1207, 1213 (6th Cir. 1992); *see also Rideau v. Russell,* 342 F. App'x 998, 1002 (6th Cir. 2009).  To be considered regularly followed, a procedural rule need not be applied in every relevant case, but rather "[i]n the vast majority of cases."  *Dugger v. Adams,* 489 U.S. 401, 410 n.6 (1989); *see also Byrd v. Collins,* 209 F.3d 486, 521 (6th Cir. 2000).

The Sixth Circuit employs a three-prong test, which was initially established in *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986), to determine if a claim is procedurally defaulted under the adequate and independent state ground doctrine:

> First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule. . . .  Second, the court must decide whether the state courts actually enforced the state procedural sanction. . . .  Third, the court must decide whether

the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.

*Hoffner v. Bradshaw*, 622 F.3d 487, 495 (6th Cir. 2010) (quoting *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001) (in turn quoting *Maupin*)); *see also Johnson v. Bradshaw*, 493 F. App'x 666, 669 (6th Cir. 2012).  Under *Maupin* and as discussed above, if the three prerequisites are met for finding a claim is procedurally defaulted under the adequate and independent state ground doctrine, federal habeas corpus review of the defaulted claim is precluded unless the petitioner can demonstrate cause for and prejudice from his procedural default or that failure to consider the defaulted claim will result in a "fundamental miscarriage of justice."  *Hoffner*, 622 F.3d at 495 (citing *Maupin*, 785 F.2d at 138); *Johnson,* 493 F. App'x at 669.  *See also Coleman*, 501 U.S. at 750; *Harris,* 489 U.S. at 262; *Murray v. Carrier,* 477 U.S. 478, 485 (1986); *Engle v. Isaac,* 456 U.S. 107, 129 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977).

In this case, petitioner committed procedural defaults that deprived the Ohio Supreme Court of an opportunity to consider the claims raised in Grounds Two through Four.

First, as respondent argues in the return of writ, petitioner failed to file an appeal to the Ohio Supreme Court from the Ohio Court of Appeals' denial of his application to reopen.  Although petitioner raised these claims in his application to reopen his appeal (Doc. 12, Ex. 17), petitioner failed to file a jurisdictional appeal to the Ohio Supreme Court from that decision.  As petitioner argues (Doc. 14, p. 4), he did raise the claims in his June 22, 2012 appeal to the Ohio Supreme Court, however petitioner did not appeal from the denial of his motion to reopen his appeal, but from the Ohio Court of Appeals' June 6, 2012 denial of his motions to certify a conflict and motion to file a delayed motion for reconsideration.  (*See* Doc. 12, Ex. 51, p. 2).

Petitioner nevertheless argues that his June 22, 2012 appeal was from the denial of his Rule 26(B) application and that his delayed motion for reconsideration has no bearing on this

case. (*See* Doc. 14, p. 4). However, even if the Court could construe his appeal to be from the denial of his application to reopen, petitioner's appeal was untimely and would fail to satisfy the fair presentation requirement. Petitioner had forty-five days from the Court of Appeals' April 4, 2012 decision to file a jurisdictional appeal to the Ohio Supreme Court, or until May 27, 2012. *See* Ohio S.Ct. Pr. R. 7.01(A)(1)(a).[2] Therefore, petitioner's June 22, 2012 appeal to the Ohio Supreme Court was filed after the applicable filing deadline and—even if the Court could construe it as an appeal from the denial of his application to reopen—would not provide the Ohio Supreme Court with an opportunity to consider the claims in his grounds for relief. *See* Ohio S.Ct. Pr. R. 7.01(A)(4)(c) (noting that the Ohio Supreme Court does not consider motions for delayed appeal involving post-conviction relief or applications to reopen under 26(B)).

Petitioner committed additional procedural defaults in connection with his delayed motion for reconsideration and subsequent appeal to the Ohio Supreme Court. First, petitioner failed to file a timely motion for reconsideration of the Ohio Court of Appeals' denial of his application to reopen. Under Ohio App. R. 24(A), petitioner had ten days from the April 4, 2012 denial of his application to reopen. However, petitioner filed his delayed motion for reconsideration and an application for en banc consideration on May 15, 2012. *See Zonou v. Warden*, No. 1:12-cv-69, 2013 WL 940395, at *6 (S.D. Ohio Mar. 8, 2013) (Report and Recommendation) (finding that the petitioner committed a procedural default by failing to file a timely Rule 26(A) motion for reconsideration, an adequate and independent state procedural rule), *adopted,* 2013 WL 2619728 (S.D. Ohio June 11, 2013); *Shephard v. Warden*, No. 1:10-cv-222, 2011 WL 3664442, at *13 (S.D. Ohio May 31, 2011) (Report and Recommendation) ("It

---

[2] Petitioner's May 15, 2012 delayed motion for reconsideration (Doc. 12, Ex. 49) did not extend the time for filing a notice of appeal in the Ohio Supreme Court because the motion for reconsideration was itself untimely. *See* Ohio S.Ct. Prac. R. 7.01(A)(5)(a) (noting that when a party *timely* files an application for reconsideration, the time for filing a notice of appeal from the court of appeals' entry of judgment is tolled).

was well-established even before the enactment of Ohio R. App. P. 26(B) in 1993 that applications for reconsideration filed after the requisite ten-day period set forth in Ohio R. App. P. 26(A) were subject to dismissal absent a showing under Ohio R. App. P. 14(B) of good cause sufficient to excuse the untimely filing."), *adopted,* 2011 WL 3652615 (S.D. Ohio Aug. 8, 2011).

Petitioner also committed a procedural default upon filing his motion for a delayed appeal pro se when he had appointed counsel. In Ohio, "a criminal defendant has the right to representation by counsel or to proceed pro se with the assistance of standby counsel. However, these two rights are independent of each other and may not be asserted simultaneously." *State v. Martin*, 816, N.E.2d 227, 232 (Ohio 2004) (citation omitted); *see also State v. Tenace,* 849 N.E.2d 1, 4 (Ohio 2006) ("We have uniformly held that criminal defendants have no right to hybrid representation when they are already represented by counsel."). The rule against "hybrid representation," operates to prevent a defendant from filing pro se motions while represented by counsel. In practice, this "means that if a petitioner is represented by counsel then any claims raised exclusively in *pro se* filings are procedurally defaulted." *Starks v. Sheldon*, No. 3:12-cv-191, 2013 WL 3992592, at *35 (N.D. Ohio Aug. 5, 2013) ("Ohio's rule against hybrid representation is an adequate and independent state ground sufficient to foreclose habeas review"). *See also Ahmed v. Houk*, No. 2:07-cv-658, 2014 WL 2703765, at *6–7 (S.D. Ohio June 16, 2014) (Report and Recommendation) (finding that Ohio's rule against hybrid representation is an independent and adequate state procedural ground, firmly established and regularly followed). *Cf. Hill v. Carlton*, 399 F. App'x 38, 42–45 (6th Cir. 2010) (finding a Tennessee procedural rule prohibiting "hybrid representation" to be an adequate and independent state ground to foreclose habeas review.); *Wallace v. Sexton*, No. 13-5331, 2014 WL 2782009, at *8 (6th Cir. 2014) (finding procedural default of a claim based on the petitioner's presentation of

14

the claim in a supplemental pro se brief prohibited under Tennessee procedural rule barring defendants from filing pro se briefs while simultaneously represented by counsel).

In the instant case, the Ohio appeals court overruled petitioner's motion to reconsider, finding "that the application is not well taken" and admonishing petitioner "that he has been provided court-appointed counsel and requests to file such motions should be directed to counsel."  (Doc. 12, Ex. 50).  Therefore, it appears that the court did not consider the merits of petitioner's claims and instead relied on adequate and independent state procedural rules in denying petitioner's application for reconsideration.  Although petitioner appealed from the decision, the Ohio Supreme Court's subsequent unexplained entry summarily dismissing petitioner's appeal "as not involving any substantial constitutional question" must be presumed to rely on the same procedural defaults.  *Cf. Taqwiim v. Johnson,* No. 99–3425, 2000 WL 1234322, at *3 (6th Cir. Aug.22, 2000) (citing *Levine v. Torvik,* 986 F.2d 1506, 1517 n. 8 (6th Cir.1993), and *Ylst,* 501 U.S. at 803–04).

Because petitioner thus procedurally defaulted the claims alleged in Grounds Two through Four, he has waived the grounds for relief absent a showing of cause and prejudice for his defaults in the state courts, or that a fundamental miscarriage of justice will occur if the claims are not considered herein.  *See, e.g., Coleman,* 501 U.S. at 750; *Harris,* 489 U.S. at 262.  No such showing has been made in this case.[3]

In sum, having found that Ground One of the petition is not cognizable in federal habeas corpus and Grounds Two, Three, and Four are procedurally defaulted and waived, the petition

---

[3]  In his delayed motion for reconsideration, petitioner argued that his filing was untimely because the clerk failed to timely notify him of the decision.  (*See* Doc. 12, Ex. 49).  Petitioner indicated that he received a copy of the decision on May 8, 2012, after the expiration of time for him to file a timely Rule 26(A) motion.  However, while this explanation may constitute cause for his failure to file a timely motion for reconsideration, it does not explain his failure to file a jurisdictional appeal from the denial of his application to reopen or excuse his procedural default under Ohio's hybrid representation rule.

15

should be denied with prejudice.

## IT IS THEREFORE RECOMMENDED THAT:

1.  Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 6) be **DENIED** with prejudice.

2.  A certificate of appealability should not issue with respect to the claims alleged in the petition, which this Court has concluded are waived and thus procedurally barred from review, because under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling.  In addition, a certificate of appealability should not issue with respect to the claims addressed on the merits herein in the absence of a substantial showing that petitioner has stated a "viable claim of the denial of a constitutional right" or that the issues presented are "adequate to deserve encouragement to proceed further."  *See Slack,* 529 U.S. at 475 (citing *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983)); *see also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3.  With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and, therefore, should **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity.  *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).


   *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

ELIYAH YSRAEL,                                   Case No. 1:13-cv-034
      Petitioner,

                                      Black, J.

      vs.                                   Bowman, M.J.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,
      Respondent.


### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.   This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).