UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ELIYAH YSREAL,

    Petitioner,

vs.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,

    Respondent.

Case No. 1:13-cv-34

Judge Timothy S. Black
Magistrate Judge Stephanie K. Bowman

**DECISION AND ENTRY ADOPTING THE REPORT AND
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE
(Doc. 47)**

This case is before the Court pursuant to the Order of General Reference in the United States District Court for the Southern District of Ohio Western Division to United States Magistrate Judge Stephanie K. Bowman. Pursuant to such reference, the Magistrate Judge reviewed the pleadings filed with this Court, and, on August 12, 2014, submitted a Report and Recommendation. (Doc. 47). Petitioner timely filed objections to the Magistrate Judge's Report and Recommendation. (Doc. 55).

Petitioner objects to the Magistrate Judge's finding that he did not timely appeal the Ohio Court of Appeals' April 12, 2012 decision to grant in part and deny in part his motion to reopen the appeal. (Doc. 47 at 3-6). In her analysis, the Magistrate Judge mistakenly refers to this decision as the April 4, 2012 decision. (*Id.* at 13).[1] In any event, the Court agrees with the Magistrate Judge's determination that Petitioner's appeal is

---

[1] However, when recounting the relevant procedural history, the Magistrate Judge noted that the decision was entered on April 12, 2012. (Doc. 47 at 3).

properly construed as an appeal of the Court of Appeals' June 6, 2012 decisions and that, even if it is construed as an appeal of the April 12, 2012 decision, it was untimely. (*Id.* at 12-13). Petitioner had forty-five days from April 12, 2012 to file a jurisdictional appeal to the Supreme Court. *See* Ohio S.Ct. Pr. R. 7.01(A)(1)(a). As the Magistrate Judge correctly concluded, a timely appeal would have been filed on or before May 27, 2012. (Doc. 47 at 13). Petitioner did not file his appeal until June 22, 2012. (Doc. 12-1 at 253).[2]

Petitioner also objects to the Magistrate Judge's finding that his motion for reconsideration was not timely and did not toll the forty-five day deadline for an appeal. (Doc. 47 at 6-10). The Court agrees with the Magistrate Judge's analysis of these matters. (*See* Doc 47 at 13 n.2, 13-14).[3] Petitioner makes further ancillary objections. For the reasons stated in the Report and Recommendation, these are not well taken.[4]

---

[2] Petitioner claims that he should not be held accountable for the fact that his appeal was not timely filed because he did not receive a copy of the Court of Appeals' decision from the clerk until May 10, 2012. (Doc. 55 at 3-5). Even if this were the case, Petitioner still could have timely appealed. (*See* Doc. 47 at 15, n.2).

[3] Petitioner had ten days after the clerk mailed the April 12, 2012 order to the parties and noted the mailing on the docket to timely file a motion for reconsideration. *See* Ohio App. R. 26(A) (citing Ohio App. R. 30(A)). The docket reflects that "notice of order or judgment [was] sent by ordinary mail to all parties required by law" on April 13, 2012 (Doc. 12-1 at 291). Nonetheless, Petitioner did not file his motion for reconsideration and application for *en banc* consideration until May 15, 2012. (Doc. 12-1 at 237). Petitioner argues that because the State did not oppose his motion, the State conceded that Petitioner did not receive a copy of the decision until May 10. (Doc. 55 at 7). Regardless of whether the State so conceded, the Court of Appeals found that Petitioner's application was not well taken, overruled it, and admonished Petitioner that requests to file such motions should be directed to court-appointed counsel. (Doc. 12-1 at 252).

[4] In particular, Petitioner argues that, because Justice Pfeifer dissented from the Ohio Supreme Court's dismissal of his appeal, the Court considered the merits of at least one of his claims. (Doc. 55 at 5-6). This does not change the fact that the Ohio Supreme Court's majority summarily dismissed the appeal "as not involving any substantial constitutional question." (*See* Doc. 47 at 15).

As required by 29 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), the Court has reviewed the comprehensive findings of the Magistrate Judge and considered *de novo* all of the filings in this matter. Upon consideration of the foregoing, the Court finds that Petitioner's objections are without merit and determines that the Report and Recommendation (Doc. 47) should be and is hereby **ADOPTED**. Accordingly:

1. Petitioner's petition for a writ of habeas corpus (Doc. 6) is **DENIED** with prejudice;

2. Any request for a certificate of appealability under 28 U.S.C. § 2253(c) is **DENIED**;

3. The Court certifies pursuant to 28 U.S.C. § 1915(a) that an appeal of this Order would not be taken in good faith, and therefore Petitioner is **DENIED** leave to appeal *in forma pauperis* and

4. This civil action is **TERMINATED** in this Court.[5]

**IT IS SO ORDERED**.

Date: 12/16/14

Timothy S. Black
United States District Judge

---

[5] Because the Court adopts the Report and Recommendation of the Magistrate Judge, denies Petitioner's petition for a writ of habeas corpus, and terminates the case, Petitioner's motions for judicial notice (Doc. 57) and summary judgment (Docs. 57, 59) are **DENIED** as **MOOT**.

3